# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>vs. )<br>)<br>EARL DICKERSON, )<br>      Defendant, ) | **CRIMINAL ACTION**<br>**NO. 04-10202-RWZ** |

## ORDER ON THE GOVERNMENT'S MOTION FOR DETENTION
### September 15, 2004

SWARTWOOD, M.J.

### I. Background

On June 2, 2004, a Criminal Complaint was filed, charging Earl Dickerson ("Mr. Dickerson"), with knowingly and intentionally possessing with intent to distribute cocaine base, in violation of 21 U.S.C. §841(a)(1).

At Mr. Dickerson's initial appearance on June 3, 2004 in connection with this Complaint, he was advised of his right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved for a detention hearing in accordance with 18 U.S.C. §§ 3142(f)(1)(B)(the offense charged provides for a maximum penalty of life imprisonment), (f)(1)(C)(Mr. Dickerson is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act"),

(f)(1)(D)(Mr. Dickerson is charged with a felony and has been convicted of two or more offenses described in paragraphs (A) through (C) of Section 3142(f)(1), or two or more state or local offenses that would have been offenses described in paragraphs (A) through (C) of such section if federal jurisdiction has existed) and (f)(2)(A)(risk of flight).

On June 15, 2004, a consolidated probable cause/detention hearing was held and following that hearing, I found probable cause for the offense charged against Mr. Dickerson in the Complaint and Mr. Dickerson assented to an Order of Detention, but reserved his right to a detention hearing in the future. (Mem. Of Probable Cause and Ord. For Det., Docket No. 5).

On July 14, 2004, an Indictment was returned, charging Mr. Dickerson with possession with intent to distribute cocaine base, in violation of 21 U.S.C. §841(a)(1). There are supplemental findings included in the Indictment, which in relevant part, alleges that Mr. Dickerson possessed a firearm during the drug offense charged in the Indictment.

On September 7, 2004, a hearing was held on the issue of whether Mr. Dickerson should be detained.

## II.  Findings of Fact

I adopt and incorporate as findings of fact those findings contained in the Memorandum of Probable Cause dated June 16, 2004 (Docket No. 5).

III.  The Bail Reform Act

A.  Discussion of the Bail Reform Act

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, the Defendant be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a). Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142 (b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. § 3142(e). The Supreme Court, in United States v. Salerno, 481 U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Id. at 755, 107 S.Ct. at 2105. For this reason, the Defendant may be detained only if the judicial officer finds by (1) clear and convincing evidence, that the Defendant is a danger to the community, or (2) a preponderance of the evidence, that the Defendant poses a risk of flight. See 18 U.S.C. § 3142 (f); United States v. Jackson, 823 F.2d 4-5 (2d Cir.

1987); <u>United States v. Berrios-Berrios</u>, 791 F.2d 246, 250 (2d Cir. (1986), cert. denied, 479 U.S. 978, 107 S.Ct. 562, 93 L.Ed.2d 568 (1986). <u>See</u> also <u>United States v. Patriarca</u>, 948 F.2d 789, 792-93 (1st Cir. 1991). Furthermore, the judicial officer "may not impose financial condition that results in the pretrial detention of the person". 18 U.S.C. § 3142 (c).

The Bail Reform Act establishes a two step procedure for making the determination that the Defendant should be detained. First, the Government is entitled to move for detention where the Defendant has been charged with one of the offenses enumerated in the statute for which Congress has determined that detention is warranted. <u>See</u> 18 U.S.C. § 3142 (f)(1). The Government may also move for detention, or the judicial officer may on his or her own motion move for detention, where the case involves a serious risk that the Defendant will flee or that the Defendant will obstruct or attempt to obstruct justice. 18 U.S.C. § 3142(f)(2). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the Defendant and the safety of the community against any danger posed by the Defendant's pretrial release. <u>See</u> <u>United States v. Friedman</u>, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the

4

community, the Government is aided by the statutory presumptions created by 18 U.S.C. 3142(e). Where the offense charged is one of the offenses enumerated in Section 3142(f)(1), Section 3142(e) creates the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the Defendant has been convicted of a federal offense that is described in Section 3142(f) or an offense under state law that would have been an offense described in Section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on release pending trial for a federal, state or local offense, and (3) a period of not more than five years has elapsed since the date of conviction or release from imprisonment for such offense. Section 3142(e) also creates the rebuttable presumption that no condition or combination of conditions will ensure the safety of the community and the appearance of the Defendant if the judicial officer finds that there is probable cause to believe that the Defendant committed an offense: (1) for which a maximum term of imprisonment of ten years or more is prescribed (a) in the Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c) the Maritime Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c). In order to rebut either presumption, the Defendant must produce "some evidence" to the contrary. United States v. Jessup, 752 F.2d 378, 384 (1st Cir. 1985).

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and of the community", the judicial officer is compelled to consider the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including:

    a. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    b. whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any other person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

    IV. <u>Discussion of Whether Detention is Warranted</u>

    A. <u>Mr. Dickerson's History and Characteristics</u>

Mr. Dickerson was born in Boston, Massachusetts on November 19, 1973 and has lived in the Boston area most of his life.

Mr. Dickerson's mother resides in Dorchester and owns the house in which Mr. Dickerson has resided for the past ten years.

Mr. Dickerson's father lives in Lynn, Massachusetts and a sister lives in Boston. Mr. Dickerson has a close relationship with his maternal grandmother who lives in Brockton, Massachusetts.

Mr. Dickerson has never been married, but has two daughters who live with their mother in Lynn, Massachusetts. Mr. Dickerson maintains a good relationship with his daughters and their mother. Mr. Dickerson has had a long term relationship with a girlfriend, who has just recently given birth to his son.

Mr. Dickerson was first employed at a Footlocker Store during high school for approximately eighteen months; in 2001, he worked as a barber for six months in Dorchester; in 2001, he worked as a machine operator at Bay State Paper in Hyde Park, but was laid off for economic reasons (Govt. Ex. 4); and in 2003, last worked for New England Office Supply for five months in Braintree, Massachusetts.

Mr. Dickerson has a substantial criminal record which I summarize, in relevant part, as follows:

| Date | Offense | Disposition |
|---|---|---|
| 10/11/91 | Armed robbery | 6/29/92, five years MCIC, six months to be served, two years probation |

| | | |
|---|---|---|
| 12/12/91 | Assault and battery | 10/31/95, one year committed |
| 12/12/91 | Assault and battery (second offense) | 10/31/95, one year committed |
| 12/12/91 | Possession with intent to distribute a Class B controlled substance | 10/31/95, one year committed |
| 7/30/93 | Possession with intent to distribute a Class B controlled substance | 6/29/94, three to five years, two years committed, balance suspended to 9/21/97; violation of probation 10/18/96, three to five years committed |
| 3/21/96 | Possession with intent to distribute a Class B controlled substance | 12/2/96, three years to three years and one day committed to MCICJ |
| 9/10/97 | Assault and battery | 6/9/88, two years committed |

Civil abuse restraining orders have been issued against Mr. Dickerson in 1994, 1996, 2001 and 2002.

C. <u>Nature of the Offense and Weight of the Evidence</u>

I previously found probable cause for the offense charged against Mr. Dickerson in the underlying Complaint. A search of Mr. Dickerson's apartment, while he was present, revealed the presence of small packages of crack cocaine, a scale and plastic bags

8

typically used for the packaging and sale of crack cocaine. Additionally, the Indictment alleges that at the time that Mr. Dickerson was arrested he was also in possession of a firearm. The weight of the evidence against Mr. Dickerson is substantial.

### D. Rebuttable Presumption

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(B), (f)(1)(C), (f)(1)(D) and (f)(2)(A). The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Dickerson were released, or the appearance of Mr. Dickerson as required.

The rebuttable presumption created by 18 U.S.C. § 3142(e) applies in this case, because Mr. Dickerson is charged with a drug offense for which a maximum penalty of ten years or more is prescribed in the Controlled Substances Act. The Indictment establishes probable cause for the offenses charged against Mr. Dickerson. Therefore, I find that under 18 U.S.C. §3142(e), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Mr. Dickerson or the safety of the community if he were released. I find that Mr. Dickerson has not produced, nor proffered any credible evidence on his behalf to rebut this presumption. Without such evidence, the presumption alone may justify detention. United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985); United States v.

Vires, 637 F. Supp. 1343, 1351 (W.D.Ky. 1986). Although I have determined that Mr. Dickerson has failed to rebut the presumption, for the sake of completeness, I will examine the Government's assertion that they pose a danger to the community and a risk of flight.

### E. Burden of Proof

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(B), (f)(1)(C), (f)(1)(D) and (f)(2)(A). The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Dickerson were released, or the appearance of Mr. Dickerson as required.

The Government's burden of proof is by:

(1) *Clear and convincing evidence* that Mr. Dickerson, if released, would pose a serious danger to any person or the community, or

(2) A *preponderance of the evidence* that Mr. Dickerson, if released, would not appear as required.

### F. Whether Mr. Dickerson Poses A Danger to the Community

Mr. Dickerson's counsel argues that Mr. Dickerson should be released and placed on electronic monitoring and that his mother will offer her residence as security for Mr. Dickerson's release. However, I do not find that these conditions are sufficient to

10

prevent Mr. Dickerson from committing either drug related or violent offenses.

Mr. Dickerson has been convicted on three separate occasions of drug related offenses and in at least one instance, Mr. Dickerson was serving a suspended sentence for a drug related offense when he was charged with a subsequent drug related offense. Additionally, Mr. Dickerson has been convicted of armed robbery and assault and battery on three separate occasions. On one occasion, Mr. Dickerson has been committed for violation of probation. When Mr. Dickerson committed the above offenses, he was residing with his mother. Therefore, considering the offense charged against Mr. Dickerson in this Indictment, Mr. Dickerson' prior criminal record for convictions of drug related offenses and crimes of violence and the fact that Mr. Dickerson committed a drug offense while serving a suspended sentence in a prior drug offense, I find by clear and convincing evidence that Mr. Dickerson poses a danger to the community and that there are no conditions or combination of conditions that I can impose that will assure the safety of any person or persons in the community if he were released.

G.   Whether Mr. Dickerson Poses A Risk Of Flight

The Government argues that Mr. Dickerson potentially faces a substantial sentence if convicted of the offenses charged in this Indictment. Although a substantial sentence may be an incentive to flee, Mr. Dickerson has lived his entire life in the Boston area.

11

Additionally, Mr. Dickerson maintains a close relationship with his mother, sister, grandmother and two daughters who all live in the Boston area. Additionally, Mr. Dickerson just recently became the father of a newborn son. Therefore, I am not prepared to find by a preponderance of the evidence that Mr. Dickerson poses a risk of flight and therefore, will not detain him on this ground.

### IV. Order of Detention Pending Trial

In accordance with the foregoing memorandum,
IT IS ORDERED:

1. That Mr. Dickerson be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Mr. Dickerson be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Dickerson is detained and confined shall deliver Mr. Dickerson to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

<u>RIGHT OF APPEAL</u>

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/S/CHARLES B. SWARTWOOD, III
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE