UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
    v.                              )   CRIMINAL NO. 04-10202-RWZ
                                    )
EARL DICKERSON                      )
_____ )

## GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the United States of America hereby submits its requests for jury instructions in the above-captioned action. The government respectfully reserves the right to supplement, modify, or withdraw these instructions in light of the defendant's jury instructions and the evidence admitted at trial.

                                       Respectfully submitted,

                                       MICHAEL J. SULLIVAN
                                       United States Attorney

By:    /s/ John A. Capin
        _____
        JOHN A. CAPIN
        Assistant U.S. Attorney

# TABLE OF CONTENTS

Instruction No.

| | | |
|---|---|---|
| 1 | | EXPERT TESTIMONY |
| 2 | | PUNISHMENT |
| 3 | | "ON OR ABOUT" |
| 4 | | CHARGES: POSSESSION WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCE |
| 5 | | POSSESSION |
| 6 | | INTENT TO DISTRIBUTE |
| 7 | | KNOWLEDGE |
| 8 | | AMOUNT OF COCAINE BASE |

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

## EXPERT TESTIMONY

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinions.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

Devitt and Blackmar, Federal Jury Practice and Instructions,
§ 15.22 (3rd ed. 1977) (modified).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

## PUNISHMENT

The punishment provided by law for the offenses charged in the Superseding Indictment is a matter solely for the judge to decide. The jury should make its decision as to whether a defendant is guilty or not guilty on the basis of the evidence presented, and must not consider the possible punishment in any way in coming to that determination.

U.S. Fifth Circuit District Judges Association, Pattern Jury Instructions (Criminal Cases) 21 (1979); Devitt and Blackmar, Federal Jury Practice and Instructions, § 18.02 (3d ed. Supp. 1982).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

## "ON OR ABOUT"

You will note that the Superseding Indictment charges that the offenses were committed "on or about" a certain date rather than "on" a certain date. The proof need not establish with certainty the exact date of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

Mod. Fed. Jury Instructions, § 6.06, Instruction No. 6-17, p. 6-43; Devitt and Blackmar, Federal Jury Practice and Instructions, § 13.05 (3d ed. 1977); United States v. Brody, 486 F.2d 291 (8th Cir. 1973), cert. denied, 417 U.S. 929 (1974).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

## COUNTS ONE AND TWO:
## POSSESSION OF COCAINE BASE WITH INTENT TO DISTRIBUTE

EARL DICKERSON is charged in both Counts of the Superseding Indictment with possessing cocaine base with intent to distribute it on or about March 9, 2004, in violation of 21 U.S.C. §841(a)(1). Cocaine base is also more commonly known as crack cocaine. Title 21, United States Code, Section 841(a)(1) makes it a federal crime to have cocaine base in your possession with the intention of distributing it to someone else. Count One of the Superseding Indictment relates to government's allegation that EARL DICKERSON possessed, inside the apartment at 9 Westcott Street, more than five grams of cocaine base with intent to distribute it. Count Two of the Superseding Indictment relates to government's allegation that EARL DICKERSON possessed, inside an automobile, more than fifty grams of cocaine base with intent to distribute it.

For you to find EARL DICKERSON guilty of this crime, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

First, that on or about March 9, 2004, EARL DICKERSON possessed cocaine base, also known as crack cocaine, either actually or constructively;

Second, that he did so with a specific intent to distribute the cocaine base over which he had actual or constructive possession; and

Third, that he did so knowingly and intentionally.

It does not matter whether EARL DICKERSON knew that the substance at issue was cocaine base. It is sufficient that EARL DICKERSON knew that it was some kind of prohibited drug.

I instruct you as a matter of law that cocaine base is a Schedule II controlled substance, as that phrase is used in the Superseding Indictment.

The government has met its burden on this count of the Superseding Indictment if it satisfies you beyond a reasonable doubt as to each of the three above elements. However, both Count One and Count Two charge a fourth element that you must consider only if you have first found beyond a reasonable doubt that the first three elements have been met. The fourth element, which will require a separate answer from you on the verdict form if, but only if, you find the defendant guilty of possessing cocaine base with intent to distribute it, is that the amount of cocaine base involved in Count One was at least five grams and the amount of cocaine base involved in Count Two was at least fifty grams. The government bears the burden of proof beyond a reasonable doubt with respect to establishing the weight of cocaine base in each Count of the Superseding Indictment.

First Circuit Pattern Jury Instruction (Criminal) Inst. 4.22 (1998);
United States v. Kairouz, 751 F.2d 467 (1st Cir. 1985);
United States v. Latham, 874 F.2d 852, 863 (1st Cir. 1989); see also United States v. Akinola, 985 F.2d 1105, 1109 (1st Cir. 1993); United States v. Morales-Cartagena, 987 F.2d 849, 852 (1st Cir. 1993); 21 U.S.C. § 812(a)(4)

# GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

## POSSESSION

The first element the government must prove is that the defendant knowingly possessed a quantity of cocaine base. Possession includes actual or constructive possession, as well as sole or joint possession. A person who knowingly has both the power and the intention to exercise control over something is in constructive possession of it. That possession may be alone or jointly with others.

First Circuit Pattern Jury Instructions (Criminal) Inst. 4.06 (1998);
United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997);
United States v. Meade, 110 F.3d 190, 202-03 (1st Cir. 1997);
United States v. Rogers, 41 F.3d 25, 29 (1st Cir. 1994);
United States v. Ladd, 877 F.2d 1083, 1087-88 (1st Cir. 1989);
1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, § 16.05 (5th ed. 2000);
2 Leonard B. Sand et al., Modern Federal Jury Instructions, No. 35-49 (1999).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

## INTENT TO DISTRIBUTE

The intent to distribute is typically established through circumstantial evidence. In determining whether EARL DICKERSON intended to distribute any prohibited drug which you conclude was in his actual or constructive possession, you may consider all the surrounding circumstances.

It is not necessary for you to be convinced that EARL DICKERSON actually delivered a prohibited drug to someone else or that he made any money out of any such delivery. It is enough for the government to prove, beyond a reasonable doubt, that he had in his possession a substance that he knew was a prohibited drug, and that he intended to transfer it (or some of it) to someone else, with or without any financial interest in the transaction.

A person's intent may be inferred from the surrounding circumstances. Intent to distribute may, for example, be inferred from a quantity of drugs larger than needed for personal use, from the manner in which it is packaged, or from the presence of packaging materials or a scale. In other words, if you find these circumstances present then you may infer that the defendant intended any substance you find he knowingly possessed. The law does not require you to draw such an inference, but you may draw it.

First Circuit Pattern Jury Instruction (Criminal) Inst. 4.22 (1998);
United States v. Echeverri, 982 F.2d 675, 678-79 (1st Cir.1993) (considering layout of defendant's apartment, amount of cocaine found, and the presence of a scale and a ledger as corroborative of intent to distribute); United States v. Latham, 874 F.2d 852, 863 (1st Cir. 1989); see also United States v. Akinola, 985 F.2d 1105, 1109 (1st Cir. 1993); United States v. Morales-Cartagena, 987 F.2d 849, 852 (1st Cir. 1993).

## INSTRUCTION NO. 7

## KNOWLEDGE

The government must also establish beyond a reasonable doubt that the defendant was in <u>knowing</u> possession of a cocaine base. This does not mean that the government must show that the defendant knew he was violating the law or intended to violate the law or even that the defendant knew that what he possessed was cocaine base. To satisfy this requirement, the government only needs to prove that the defendant knew he was possessing some kind of prohibited drug. Because it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence. Thus, in deciding whether something is done knowingly, the jury may consider the actions of the defendant, all of the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn from those facts and circumstances.

Something is possessed knowingly if it is possessed voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

<u>United States v. Ramos</u>, 961 F.2d 1003, 1005 (1st Cir. 1992); <u>United States v. Lamare</u>, 711 F.2d 3, 6 (1st Cir. 1983); <u>United States v. Freed</u>, 401 U.S. 601, 607-610 (1970) (construing similar provision contained in 26 U.S.C. §5861(d)); <u>United States v. Hardy</u>, No. 91-10180-K, Charge to the Jury at 25 (D. Mass. Nov. 13, 1991) (Keeton, J.)

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 8

## AMOUNT OF COCAINE BASE

In Count One of the Superseding Indictment, the government has alleged that EARL DICKERSON possessed with intent to distribute at least five grams of cocaine base. In Count Two of the Superseding Indictment, the government has alleged that EARL DICKERSON possessed with intent to distribute at least fifty grams of cocaine base. In order to convict the defendant of these precise charges, you must conclude beyond a reasonable doubt that the amount of cocaine base the defendant possessed on or about March 9, 2004 was at least five grams with respect to Count One and at least 50 grams with respect to Count Two. The defendant need not know the precise amount of cocaine base he possessed for you to reach such a conclusion.

The verdict form that will be provided to you by the Clerk will contain spaces on which you can indicate your conclusions as to the amount of cocaine base the defendant possessed with intent to distribute.