UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                       )
UNITED STATES OF AMERICA,              )
                                       )
          v.                           )        CRIMINAL NO. 04-10202-RWZ
                                       )
EARL DICKERSON                         )
_____)

## GOVERNMENT'S SUPPLEMENTAL REQUEST FOR JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the United States of America hereby submits a

supplemental request for jury instructions in the above-captioned action. The government does

so as a consequence of the return by the grand jury of a superseding indictment charging the

defendant with a new offense: being a previously convicted felon in possession of a firearm and

ammunition.  The government respectfully reserves the right to supplement, modify, or withdraw

its previously submitted instructions in light of the defendant's jury instructions and the evidence

admitted at trial.



                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                    By:    /s/ James Lang
                           _____
                           JAMES LANG
                           Assistant U.S. Attorney

### GOVERNMENT'S PROPOSED SUPPLEMENTAL INSTRUCTION NO. 1

### COUNT THREE: FELON IN POSSESSION OF FIREARM AND AMMUNITION

### ELEMENTS OF OFFENSE

EARL DICKERSON is charged in Count Three of the Superseding Indictment with being a previously convicted felon in possession of a firearm and ammunition on or about March 9, 2004, in violation of 18 U.S.C. § 922(g)(1). That statute makes it a federal crime for a person who has been convicted of a crime punishable by more than a year in prison to possess, in and affecting commerce, a firearm or ammunition. Count Three of the Superseding Indictment relates to government's allegation that EARL DICKERSON possessed in an automobile a firearm and the ammunition with which it was loaded.

For you to find EARL DICKERSON guilty of this crime, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

First, that prior to March 9, 2004, EARL DICKERSON had been convicted in a court of a crime punishable for imprisonment for a term exceeding one year;

Second, that on or about March 9, 2004, he knowingly possessed a firearm **or** ammunition, or both; and

Third, that he did so in and affecting commerce.

## GOVERNMENT'S PROPOSED SUPPLEMENTAL INSTRUCTION NO. 2

## PRIOR FELONY CONVICTION

The first element which the government must prove to you beyond a reasonable doubt is that the defendant was a felon at the time of his alleged possession of the firearm and ammunition in question.  You must be satisfied that the defendant was convicted in any court of a crime punishable by imprisonment for a term exceeding one year and that such conviction took place at a time before the time it is alleged that the defendant was in possession of a firearm or ammunition.  In this case, the government and the defendant have stipulated that prior to March 9, 2004, the date of the alleged offense, the defendant was convicted in a court of the Commonwealth of Massachusetts of a crime punishable by a term of imprisonment exceeding one year.  The defendant has thus stipulated to the first element of the charged offense.

## GOVERNMENT'S PROPOSED SUPPLEMENTAL INSTRUCTION NO. 3

## POSSESSION-- ACTUAL AND CONSTRUCTIVE

The second element the government must prove beyond a reasonable doubt is that the defendant knowingly possessed a firearm or ammunition.  The concept of possession has the same meaning in this context as it does in the context of Counts One and Two, charging the defendant with possession of cocaine base with the intent to distribute it.

As I noted, the law recognizes two kinds of possession:  actual possession and constructive possession.  A person who knowingly has direct physical control over an object, at a given time, is in actual possession of the object.  A person who physically holds an object or knowingly has it on his person is in actual possession of the object.

Even when a person does not actually possess an object, however, he may be in constructive possession of it.  Constructive possession exists when a person knowingly has the power and the intention at a given time of exercising dominion and control over an object.  For example, you may have left a coat or some other belonging, such as your lunch, in the jury room when you entered the courtroom today.  Though you are not in actual possession of such items at this moment, you are in constructive possession of them.  The law recognizes no distinction between actual and constructive possession; either form of possession is sufficient.

Possession of an object may be established by either direct evidence or by circumstantial evidence.  Possession may be solely with one person or may be shared jointly by two or more persons.  Possession may be actual or constructive.  It is not necessary to prove ownership of the object.

The element of possession is proved if you find beyond a reasonable doubt that the

**GOVERNMENT'S PROPOSED SUPPLEMENTAL INSTRUCTION NO. 3 (cont.)**

**POSSESSION-- ACTUAL AND CONSTRUCTIVE**

defendant had actual or constructive possession, either alone or jointly with others, of

the firearm or ammunition.

United States v. Lamara, 711 F.2d 3, 5 (1st Cir. 1983);
United States v. Ladd, 877 F.2d 1083, 1087 (1st Cir. 1989);
United States v. Flores, 679 F.2d 173, 177 (9th Cir. 1982);
United States v. Alverson, 666 F.2d 341, 345 (9th Cir. 1985);
United States v. Craven, 478 F.2d 1329, 1337 (6th Cir.), cert. denied, 414 U.S. 866(1973);
Edward J. Devitt Et Al., Federal Jury Practice and Instructions, §§ 16.05, 36.12 (4th ed. 1990);
Leonard B. Sand Et Al., Modern Federal Jury Instructions, No. 35-59 (1993).
**GOVERNMENT'S PROPOSED SUPPLEMENTAL INSTRUCTION NO. 4**

## **FIREARM**

The term "firearm" means any weapon designed to expel a projectile by the action of an explosive.

18 U.S.C. §921(a)(3).

## GOVERNMENT'S PROPOSED SUPPLEMENTAL INSTRUCTION NO. 5

## AMMUNITION

The term "ammunition" means any ammunition or cartridge cases, shotgun-shells, primers, bullets, or propellant powder designed for use in any firearm.

18 U.S.C. §921(a)(17)(A).

## GOVERNMENT'S PROPOSED SUPPLEMENTAL INSTRUCTION NO. 6

## KNOWLEDGE

As part of the second element, the government must also establish beyond a reasonable doubt that the defendant was in <u>knowing</u> possession of a firearm or ammunition. This does not mean that the government must show that the defendant knew he was violating the law or intended to violate the law by possessing a firearm or ammunition. To satisfy this requirement, the government only needs to prove that the defendant knew he was possessing a firearm or ammunition.

United States v. Ramos, 961 F.2d 1003, 1005 (1st Cir. 1992); United States v. Freed, 401 U.S. 601, 607-610 (1970) (construing similar provision contained in 26 U.S.C. §5861(d));
United States v. Lamare, 711 F.2d 3, 6 (1st Cir. 1983);
United States v. Powell, 513 F.2d 1249, 1251 (9th Cir.) (per curiam), cert. denied, 423 U.S. 853 (1975); United States v. Hardy, No. 91-10180-K, Charge to the Jury at 25 (D. Mass. Nov. 13, 1991) (Keeton, J.).

## GOVERNMENT'S PROPOSED SUPPLEMENTAL INSTRUCTION NO. 7

## PROOF OF KNOWLEDGE

Since it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence.  Thus, in deciding whether something is done knowingly, you may consider the actions of the defendant, all of the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn from those facts and circumstances.

A firearm or ammunition is possessed knowingly if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

United States v. Hardy, No. 91-10180-K, Charge to the Jury at 25 (D. Mass. Nov. 13, 1991) (Keeton, J.); Edward J. Devitt Et Al., Federal Jury Practice and Instructions, § 17.07 (4th ed. 1990); Leonard B. Sand Et Al., Modern Federal Jury Instructions, No. 6-17 (1993).

11

## GOVERNMENT'S PROPOSED SUPPLEMENTAL INSTRUCTION NO. 8

## INTERSTATE COMMERCE

The third element that the government must prove beyond a reasonable doubt is that the defendant's knowing possession of the firearm or ammunition was in or affecting commerce. The term "in or affecting commerce" simply means that the firearm or ammunition must have had some minimal link to interstate commerce. This element is satisfied if it is established beyond a reasonable doubt that at some time during the life of the firearm or ammunition it moved across a state line or international boundary. Thus, if it is established that the firearm or ammunition was previously in a state other than Massachusetts, or in a foreign country, and then was possessed by the defendant in Massachusetts, then this element has been satisfied.

It is not necessary for the government to prove that the defendant purchased or acquired the firearm or ammunition in some other state and carried it into Massachusetts. Nor must the government prove who did purchase or acquire the firearm or ammunition or how it arrived in Massachusetts. In addition, the government does not have to prove that the defendant knew that the firearm or ammunition had crossed state or national boundary lines. All that is required is proof that the firearm or ammunition had traveled in interstate commerce by moving across a state or national boundary line at any time prior to the defendant's alleged possession of it.

Scarborough v. United States, 431 U.S. 563, 566, 575-578 (1977);
United States v. Gillies, 851 F.2d 492, 493-496 (1st Cir. 1988);
United States v. Sulton, 521 F.2d 1385, 1391 (7th Cir. 1975);
Edward J. Devitt Et Al., Federal Jury Practices and Instructions,
§ 36.14 (4th ed. 1990); Leonard B. Sand Et Al., Modern Federal Jury Instructions, No. 35-55 (1993).