# United States Court of Appeals
# For the First Circuit

No. 06-2471

UNITED STATES OF AMERICA,

Appellee,

v.

EARL DICKERSON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

Aziz Safar with whom Safar Law Office was on brief for appellant.

James F. Lang, Assistant United States Attorney, with whom Michael J. Sullivan, United States Attorney, was on brief for appellee.

January 24, 2008

**LYNCH, Circuit Judge.** Earl Dickerson has been sentenced to life imprisonment following his convictions for serious drug offenses involving over sixty grams of cocaine base and being a felon in possession of a firearm. Because he had four prior convictions for felony drug offenses, as outlined in an information filed by the prosecution under 21 U.S.C. § 851(a), the life sentence was mandatory.

The primary issue on appeal is Dickerson's unpreserved claim that the trial judge did not expressly instruct the jury that its findings of drug quantities had to be beyond a reasonable doubt. From this, he argues the specific drug quantities found cannot be utilized for sentencing, and so a lesser default maximum sentence than life imprisonment must be imposed.

Dickerson also claims there was error in the § 851 proceedings about his prior convictions because he was not given the chance to challenge the information filed by the government before his sentence was imposed. Dickerson's last claim is that the court erred in denying his motion to suppress evidence of over fifty-five grams of cocaine base found in a "hide" compartment in his second car during a warrantless search.

We affirm.

I.

Because there is no challenge to the sufficiency of the evidence, we discuss only those facts pertinent to the issues raised.

A.      Purported Apprendi Error in Instructions as to Drug Quantity

The indictment against Dickerson included two counts of possession with intent to distribute.[1] The first stemmed from drugs found in the bedroom of Dickerson's apartment and charged possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 841(a), for which the penalty is located in 21 U.S.C. § 841(b)(1)(B). The second count related to the drugs found in Dickerson's car and charged possession with intent to distribute fifty or more grams of cocaine base, also in violation of 21 U.S.C. § 841(a), the penalty for which is located in 21 U.S.C. § 841(b)(1)(A). Section 841(b)(1)(B) provides a maximum term of life imprisonment if a defendant has a prior conviction for a felony drug offense; § 841(b)(1)(A) provides a mandatory life sentence if a defendant has two or more prior felony drug convictions.

Drug quantity and type generally must be determined by a jury beyond a reasonable doubt before a defendant may receive a

---

[1]     Dickerson was also indicted and convicted on a third count, not at issue in this appeal, for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

sentence in excess of the default statutory maximum.   Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); United States v. Perez-Ruiz, 353 F.3d 1, 15 (1st Cir. 2003); cf. United States v. Collazo-Aponte, 281 F.3d 320, 324 (1st Cir. 2002); United States v. Baltas, 236 F.3d 27, 40-41 (1st Cir. 2001).   If no specific quantity of cocaine base is identified, the default statutory maximum for violations of 21 U.S.C. § 841(a) is twenty years, or thirty years if the defendant has a prior felony conviction.   21 U.S.C. § 841(b)(1)(C); see also Perez-Ruiz, 353 F.3d at 15; United States v. Robinson, 241 F.3d 115, 118 (1st Cir. 2001).

Here, the requisite drug quantities and types were both charged in the indictment and found by the jury.   The verdict slip that the jury filled out expressly sought the jury's determination about the quantities of cocaine base involved.   Under the caption for each of the counts, the slip stated: "If you found the defendant guilty, please indicate the amount of cocaine base defendant possessed: ___ Grams."   On Count One, the jury filled in "10.99" grams of cocaine base; on Count Two, "57.83" grams of cocaine base.

Dickerson's claim of Apprendi error stems from the fact that the jury instructions did not specifically repeat the drug quantities and types charged and did not specify that the government needed to prove these quantities and types beyond a reasonable doubt.   The district court, however, did instruct the

-4-

jury as to the presumption of innocence, and it specified that the presumption of innocence remains with the defendant throughout the trial and is not overcome unless, based on all of the evidence, the jurors are convinced beyond a reasonable doubt of the defendant's guilt.   The court instructed the jury: "You cannot find the defendant guilty on the basis of probable cause, nor on the basis of a preponderance of evidence . . . [and] not even on the basis of clear and convincing evidence, which applies to some civil situations." The court then turned to the three specific counts of the indictment and laid out the elements that the government needed to prove for each.   The court did not specifically repeat that Count One of the indictment involved at least five grams of cocaine and Count Two involved at least fifty grams of cocaine base.   No objections were made.   The jury returned guilty verdicts on all three counts.

         Given Dickerson's failure to object, review of this claim is governed by the plain error standard.   United States v. Cotton, 535 U.S. 625, 631 (2002); United States v. Soto-Beniquez, 356 F.3d 1, 46 (1st Cir. 2003).   A party making a plain error claim must show 1) error; 2) that is plain; 3) that affects substantial rights; and 4) that threatens the "fairness, integrity, or public reputation of judicial proceedings."   Johnson v. United States, 520 U.S. 461, 467 (1997) (quoting United States v. Olano, 507 U.S. 725,

732 (1993)) (internal quotation mark omitted); see also United States v. Nelson-Rodriguez, 319 F.3d 12, 30 (1st Cir. 2003).

In our view, there was no error at all, much less plain error. A special verdict form can cure a potential Apprendi problem. See Perez-Ruiz, 353 F.3d at 16. Indeed, we have never found an Apprendi error of the type alleged where the usual reasonable doubt instructions are given and a special verdict form is used to elicit a specific jury finding on drug quantity and type. We find no error here.

It may be better practice for the district judge to instruct specifically that certain types and amounts must be found beyond a reasonable doubt, in addition to having the requisite special verdict form. However, the court did refer to the drugs found in the bedroom and the drugs found in the car, which were proxies for the quantities and types charged. It was clear from the evidence what those quantities were. The court did instruct that the government had to meet its burden of proof beyond a reasonable doubt before there was a conviction. It is highly improbable the jurors believed that drug quantity was subject to a separate and lesser standard of proof.

Even if there were, arguendo, any Apprendi error, Dickerson cannot make the necessary plain error showing. See Olano, 507 U.S. at 734-35. The district court provided extensive instructions about the presumption of innocence and reasonable

-6-

doubt, and a special verdict form was used to elicit specific findings regarding drug quantity and type. Further, if there were an error, it did not affect Dickerson's substantial rights because the evidence overwhelmingly established the minimum drug quantities necessary to justify the statutory maximum. Thus, even if defense counsel had objected at the time, it would not have mattered; Dickerson would lose whether the appropriate appellate test were plain error or harmless error. See Cotton, 535 U.S. at 633; Soto-Beníquez, 356 F.3d at 46.

B.          21 U.S.C. § 851(b) Colloquy

Section 851 of 21 U.S.C. contains a multi-step procedure to be followed before an enhanced sentence is imposed based on prior felony drug convictions. Section 851(a) requires the prosecution to file and serve an information which details the previous convictions. Here, the information listed four prior felony convictions for drug offenses,[2] which increased Dickerson's penalty from a guidelines sentencing range of 360 months to life, to a mandatory sentence of life imprisonment without release under 21 U.S.C. § 841(b)(1)(A).[3]

_____

[2]      The prior convictions, in 1994, 1995, 1996, and 1997, were all state convictions for possession with intent to distribute or manufacture a Class B substance.

[3]      The prosecution filed the § 851 notice after the first superseding indictment and before the second superseding indictment.   We confirm the district court's rejection of Dickerson's argument that this was insufficient and join other circuits in holding that the prosecution need not have filed a

-7-

The claimed error on appeal arises under § 851(b), which requires the court, prior to imposing a sentence, to inquire of the defendant whether he or she contests the validity of any of the prior enhancing convictions in the information.  21 U.S.C. § 851(b).  The court must inform the defendant that any challenge to a prior conviction which is not made before a sentence is imposed may not be raised thereafter to attack the sentence.  Id. Here, at the time of sentencing, the district court did not conduct the § 851(b) colloquy.  Dickerson did not request one, nor did he object.

A district court's failure to conduct a § 851(b) colloquy is subject to harmless error review, provided the objection has been preserved.  United States v. Romero-Carrion, 54 F.3d 15, 18 (1st Cir. 1995) (collecting cases).  Here, since the objection was not preserved, we use plain error review.[4]

_____

second § 851(a) notice after the second superseding indictment for the notice to be effective.  See, e.g., United States v. Cooper, 461 F.3d 850, 854 (7th Cir. 2006) (collecting cases and concluding that "where the Government files a timely Section 851 notice, it is not required to file a second notice after an intervening event, such as a trial or a superseding indictment, in the same case"); United States v. Mayfield, 418 F.3d 1017, 1020-21 (9th Cir. 2005); United States v. Kamerud, 326 F.3d 1008, 1014 (8th Cir. 2003); United States v. Williams, 59 F.3d 1180, 1185 (11th Cir. 1995).

[4]    Romero-Carrion applies harmless error review but the opinion does not recite whether an objection was preserved.  We read Romero-Carrion to follow the normal requirements of Rule 52 of the Federal Rules of Criminal Procedure that an objection must have been preserved in order for an appellate court to use harmless error review.  Absent an objection, as here, plain error applies. See, e.g., United States v. Craft, 495 F.3d 259, 265 (6th Cir.

-8-

In § 851(e), there is a limitations period regarding which prior convictions may be challenged; the statute forecloses challenges to the validity of prior convictions that are more than five years old.[5]  Here, each of the convictions occurred more than five years before the date on which the § 851 information was filed, and therefore Dickerson was foreclosed by § 851(e) from challenging any of them.  The failure to conduct a § 851(b) colloquy is harmless when all of the prior convictions contained in the information are more than five years old.  See Romero-Carrion, 54 F.3d at 18; see also, e.g., United States v. Craft, 495 F.3d 259, 265-66 (6th Cir. 2007).  And if the error is harmless, it cannot be plain.

That, of course, does not cover the mistaken identity possibility that the defendant is not the person who had the prior convictions.  Dickerson argues this: that the lack of a colloquy caused him harm in that he was not given an opportunity to establish whether he was or was not the person previously convicted.  This is a false start; neither at sentencing nor on

---

2007); United States v. Mata, 491 F.3d 237, 244 (5th Cir. 2007); United States v. Ellis, 326 F.3d 593, 598 (4th Cir. 2003).

[5]     The statute provides:
No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.
21 U.S.C. § 851(e).

-9-

appeal does he claim that there was any issue of identity. <u>See</u>
<u>Romero-Carrion</u>, 54 F.3d at 18 (where defendant does not deny he was
the person previously convicted, there is no harm in court's
failure to conduct a § 851(b) colloquy).

Attempting to excuse that failure, Dickerson makes the
unfounded argument that without a § 851 inquiry, the exact
challenges the defendant might have presented are unknown, and this
in itself amounts to prejudice. Appellate counsel needs to present
the court with something more than hypotheticals with no support in
the record. Moreover, 21 U.S.C. § 851(c) imposes an obligation on
the defendant to file a written response to the information denying
any allegation about the prior convictions; if the defendant fails
to do so, he has waived the challenge unless he shows good cause.
21 U.S.C. § 851(c)(2); <u>see</u> <u>also</u> <u>United</u> <u>States</u> v. <u>Williams</u>, 298 F.3d
688, 693 (7th Cir. 2002). Here, Dickerson's only challenge to the
information was to whether the prosecution was required to refile
in the event of a superseding indictment. Furthermore, trial
counsel conceded that if his other, unrelated sentencing challenges
failed -- as the district court determined they did -- a sentence
of life imprisonment was required. The argument on appeal has no
merit.

C.      Denial of Motion To Suppress Evidence

In reviewing the denial of a defendant's motion to
suppress, we review the district court's findings of fact for clear

-10-

error and its legal determinations, including whether a particular set of facts constitutes probable cause, de novo. United States v. Woodbury, ___ F.3d ___, 2007 WL 4500945, at *2 (1st Cir. Dec. 26, 2007). We explain the issue briefly and otherwise rely on the district court's thorough and persuasive memorandum.

The Boston Police sought and obtained warrants to search Dickerson's home in Dorchester, Massachusetts, and a car he owned, a Range Rover. There was probable cause to believe that he was a drug dealer and that drugs and firearms were likely to be found in his house and in his automobile. Of particular relevance here, an anonymous caller had informed police that Dickerson drove a Range Rover that had a center console secret compartment (a "hide") containing a handgun.

Over fifty-five grams of cocaine were found in a hide, not in the Range Rover, but in defendant's other car, a Toyota. He seems to argue that the search of the Toyota was improper because the Toyota was not included in the search warrant. Dickerson acknowledges that there is an automobile exception to the warrant requirement, which permits a warrantless search of a car if there is probable cause to believe that contraband or evidence of a crime will be found within it. Pennsylvania v. Labron, 518 U.S. 938, 940 (1996) (per curiam); United States v. Martinez-Molina, 64 F.3d 719, 726 n.5 (1st Cir. 1995). The government bears the burden of proving the applicability of this exception to the warrant

-11-

requirement. United States v. Jeffers, 342 U.S. 48, 51 (1951); see
also, e.g., United States v. Kennedy, 427 F.3d 1136, 1140 (8th Cir.
2005).

We do not need to reach the question of whether the
affidavit in support of the search warrant was adequate to provide
probable cause to search the Toyota. By the time the search was
conducted, there was additional information providing ample cause
to search the Toyota.[6]  In Dickerson's apartment the police found
a quantity of crack cocaine, which Dickerson admitted was his.
Dickerson also admitted he had possessed an AK-47 assault rifle.
When the police questioned Dickerson about cars he owned, he
mentioned only the Range Rover and failed to mention the Toyota,
which officers had discovered was registered to him and had
observed parked outside his house on numerous occasions prior to
the execution of the warrant.  Only when the officer asked him
directly about the Toyota did Dickerson acknowledge his ownership.
Keys to both the Range Rover and the Toyota were found in the
apartment.

When an experienced police officer searched the Range
Rover, he did not find a hide, which made it likely, based on the
information received, there was such a secret compartment in the

---

[6]     Of course, the police could have chosen the alternative
course of pausing to seek a warrant, the usual approach under the
Fourth Amendment.  Dickerson was already in custody and the Toyota
was parked at the curb.

other car.    When the officer looked at the undercarriage of the
Toyota, he immediately saw clear indications that a hide had been
built into it.

All of this, as the district court held, provided more
than adequate probable cause for the warrantless search of the
Toyota.

We affirm Dickerson's conviction and sentence.