| | |
|---|---|
| UNITED STATES DISTRICT COURT | DISTRICT OF MASSACHUSETTS |
| COUNTY OF SUFFOLK | DISTRICT COURT DIVISION |
| | 1:04-CR-10202-RWZ |
| | MEMORANDUM OF LAW |

Earl Dickerson, §
Plaintiff §
§
V. §
§
United States Of America, §
Respondent §

Motion Pursuant To Amendment S. 1789 Reduction

(U.S.S.G. § 3582 (c) (2)) Pursuant to 2 D1.1;

Pursuant To 21 U.S.C. § 841(b)

Now comes, petitioner, Earl Dickerson , "Acting Pro-Se" in this matter. Respectfully petitioning this honorable court for a discretionary sentence reduction under amendment S-1789/ Sentencing Guidelines Manual...............

## JURISDICTION

This Honorable Court has jurisdiction to entertain this motion pursuant to 18 U.S.C. § 3582 (c) (2), based on the repealed Amendment 706 incorporating the language of the New Amendment of S.1789 in which the Sentencing Commission has enacted an emergency temporary amendment to the guidelines effective November 01, 2010, the date on which this amendment would become permanent is May 01, 2011,, ( Sec; U.S.S.G. 1B1.10 (c), 1B1.1) (U.S.S.G. § 1B1.11 (b) (2) ).

Amendment S-1789 to USSG 2D1.1 was adopted U.S.S.G. App. C   Amendment (November 1, 2010 U.S. v. Geerken, 506 F.3d 461 6th Circuit 2007, 3582 (c) (2), See U.S.S.G 1B1.10 (a), and reduce base offense level in the categorically approach that is appropriate in reference to amended S-1789 that is used to lower the sentence of the petitioner in light of 21 U.S.C. 851, crack cocaine statute 21:841 (b).

In which the petitioner's statutory sentencing ranged under 21:841 (b),

(1) Must go from (a) to (b) or from (b) to (c) with the change in the crack cocaine ratio.

The Amendment was voted 6-1 on October 15, 2010 to enact an emergency temporary amendment to the guidelines.

Mr. Dickerson asserts that even if the amendment to sentencing guidelines is not listed in the current guidelines which lists specific amendments that the sentencing court may

apply retroactively to reduce a defendants sentence. Sentencing and reviewing court may still give retroactive effect to amendment that are "clarifying" as opposed to "substantive."(1B1.10, P.S., 18 U.S.C.A )

Criminal Law key 1236

A variety of factors may be considered in determining whether an amendment to sentencing guidelines is a "clarifying" that may be given retroactive effect as opposed to a "substantive" amendment including sentencing commissions characterization changes the text of guidelines or merely accompanying commentary and whether the amendment alters controlling pre-amendment interpretation of guidelines at issue. (U.S.S.G. § 1B1.1 Ct. Seq., 18 U.S.C.A.)

See; Dillon v. Supreme Court of The United States, case # 09-06338 (formerly United States v. Percy Dillon, 572 F.3d 146, 3rd Circuit 2009)

See; United States v. Michael Kissick, No. 95-6055, Cite as 69 F. 3d 1048 (10th Circuit 1995)

# **EXTRAORDINARY AND UNIQUE CIRCUMSTANCES**

## **Procedural Posture:**

On March 3, 2006, a grand jury returned a three count superseding indictment charging Earl Dickerson (hereinafter referred to as "the Petitioner") as follows: Count One charged the defendant with knowingly and intentionally possessing with intent to distribute a quantity of at least 5 grams of cocaine base, 21 U.S.C. § 841 (a) (1) ; Count Two charged that the defendant possessed a quantity of approximately 52 grams of cocaine base, 21 U.S.C. § 841 (b) (1) (III); Count Three charged the defendant with being in possession of a firearm.

# **SENTENCING PROCEEDING**

On March 3, 2006, Earl Dickerson was found to be guilty by a jury on count one, count two and count three. Mr. Dickerson was then sentenced under a statutory mandatory sentence enhancement under the filing of the governments motion /nutlee in reference to 21 U.S.C. § 851 (a); On June 16, 2006, the district court sentenced the defendant to serve a mandatory term of Life Imprisonment.

The court adopted the pre-sentence investigation report without change……..

Mr. Dickerson was granted 10 years supervised release upon release.

# **ARGUMENT**

Part One:

    (A) Mr. Dickerson asserts that due to the governments notice of enhancement in reference to 21 U.S.C. § 851 (a), there was no need for a mathematical approach at that time. However, since this change in reference to the 201.1 (c) Crack bill under Amendment S. 1789 which does affect Mr. Dickerson's sentence in a major way, he is now requesting that a mathematical approach be given in his sentence to represent this amendment S. 1789 given by the 111th Congress 1st session, set in its course by the Sentencing Commission; that would restore fairness to federal cocaine sentencing. See; Fair Sentencing Act of 2009

Based on this information, Mr. Dickerson would be entitled to full sentence reduction as well as resentencing which should place him under a new base offense level of 26 which states that at least 28grams but less than 112 grams; leaving the old base offense level of 30 which states that at least 50 grams but less than 150 grams of cocaine base; at best the courts could only start a new level from that base offense level pass zone D and then the 18:1 ratio would have a mathematical approach of a base offense level of the same base offense level of 26 and lesser.

    (B) Mr. Dickerson asserts that the courts must take a "level-by-level" approach as required by law in all circumstances in determining any other extents of its departure under § 4 A1.3. See; U.S. v. Grams, 566 F. 3d 683 (6th Circuit 2009)

    (C) Mr. Dickerson asserts that the new information given as stated in amended S. 1789; It states that" if you are a career offender, your statutory sentencing range under 21:841 (b) (1) must go from (A) to (B) or (B) to (C) with the change in the crack ratio. The same principle applies to those inmates serving crack sentences that an information under 21:851 (a) was filed.

Mr. Dickerson had a "detectable amount" of cocaine base of 68.82 grams. In which sentencing statutes were; 21 U.S.C. (a) (1) in count (1), count (2) 21 U.S.C. § 841 (b) (1) (III).

Mr. Dickerson asserts that based on the new amendment S 1789, his sentencing statute would be 21 U.S.C. § 841 (b) facing a sentence of 5 to 40 years. Which 28 grams would be the low end and 280 grams would be the high end.

Mr. Dickerson would now face no more than 10-12 years at best.

Mr. Dickerson asserts that he does survey the 21 U.S.C. § 841 (b) (1) III/ 841 (b) increased penalties based on the statute that is enacted in the S. 1789 bill in reference to Sec. 2-8 whereas Mr. Dickerson only received an enhancement based on sentencing guideline which was 21 U.S.C. 851 (a);

Mr. Dickerson would then be entitled to the full 18-1 ratio crack cocaine sentence reduction in reference to the amended S. 1789 bill which represents the Fair Sentencing Act of 2010.

Part Two:

Mr. Dickerson asserts that given the history of the crack cocaine guidelines, and the commission's own view, reiterated on many occasions, that the crack/powder disparity produces disproportionately harsh abuse of discretion for a district court to conclude when sentencing a particular defendant that that crack/powder disparity yields a sentence greater than necessary to achieve § 3553 (a)'s purpose even the harsh sentence Mr. Dickerson received a particular sentence in reference to 3553 (a) factors.

However, the plain language of 18 U.S.C. § 3553 (a) was not followed by the district court judge and therefore, Mr. Dickerson would be entitled to the low end of the guideline using the advisory approach because at this point, 18 U.S.C. § 3553 (a) is inoperative; this clearly shows that the courts used a presumption approach in reference to 21 U.S.C. § 851 (a) which was based on its plain language, and based on this information, Mr. Dickerson must be resentenced in light of United States v. Gonzales, 520 U.S. 1, 6 (1997).

Mr. Dickerson asserts that when a statute's language is plain and unambiguous, courts are required to follow the plain meaning of the law and may not look to legislative history to change the plain meaning U.S. v. Gonzales 520 U.S. 1,6 (1972); See; Amended bill S. 1789 and its provisions.....

Mr. Dickerson asserts that the sentencing guidelines were not drafted to reflect the four sentencing factors included in § 3553 (a).

The Sentencing Commission itself has said that the crack cocaine guidelines do not advance the sentencing goals set forth in § 3553 (a). **Report to the Congress: Cocaine and Federal Sentencing Policy of 91(hereinafter "2002 Report")(May 2002)**

The result of the commission's studies over the past ten years in an all-but-complete renunciation by the commission of its crack cocaine guidelines and that they do not achieve an appropriate balance of the factors set forth in § 3553 (a) or promote the primary goals of the sentencing reform act...

Mr. Dickerson asserts that the district court failed to adequately explain its sentence; however, in its written statement of reasons, rather than check the box for an upward departure under § 4 A 1.3, the court indicated that it had made an upward variance above the guidelines range "based on a slight record in reference to 21 U.S.C. § 851 (a) and its notice......

See; U.S. v. Grams, 566 F.3d 683 (6th Circuit 2009)

Mr. Dickerson asserts that it would violate his due process in reference to the amendment S. 1789 to even consider 18 U.S.C. § 3553 (a) based on the courts failure to state on the petitioner record which now Mr. Dickerson's sentence, based on the new amendment, must represent a defendant as if it was his first offense under law; because 21 U.S.C. § 851 (a) does not incorporate 18 U.S.C. § 3553 (a); both statutes have their own "plain" meaning; and 18 U.S.C § 3553 (a) factors justify the variance, and 21 U.S.C. § 851 (a) only incorporate a notice which 21 U.S.C. § 851(b) represent the enhancement which stands alone. See; Kimbrough v.United States,128 S. Ct. 558 (2007). See; United States v. Charles Kissick 69 F. 3d 1048 (10th Circuit 1995)

# **CONCLUSION**

Mr. Dickerson asserts that there is a great deal of case law which supports the fact that due process protection require that when new laws such as the crack cocaine law became effective that they must apply both prospective and retroactively. In the same breathe, Mr. Dickerson preserve's the prospective which "Dillon" took in Dillon v. U.S. Supreme Court of The United States Of America # 09-6338, (formerly United States v. Percy Dillon, 572 F. 3d 146 (3rd Circuit 2009).

Mr. Dickerson would only apply this approach if this bill is not deemed retroactive in reference to 18 U.S.C. § 3582 (c) (2), [Amended S. 1789].......

Mr. Dickerson now requests that appointed counsel will be attached to protect his 5th and 6th Amendment rights as well as his procedural rights in reference to the U.S. Constitution.

Mr. Dickerson also requests to be present at his hearing, and that a full hearing must be held based on his motion and its gravity of his sentence that he is dealing with.

Mr. Dickerson also requests that his new appointed counsel get in contact with him as soon as humanly possible.

See; In re: Winship 397 U.S. 365 (1970), Murray v. Curries, 447 US 387 (1986), Beton v. Maryland, 395 US 794 (1969)......

All applying law by the Court's must be read into the record based on Procedural Law....See; Haines v. Kerner, 404 U.S. 579 (1972).

# PERJURY JURAT

Pursuant to Title 28 U.S.C. 1746 (1) and executed without the United States, I affirm under the pains and penalties of perjury, under the laws of the United States of America, that the foregoing is true, correct, and complete to the best of my belief and informed knowledge. Further deponent sayeth not.

I now affix my signature to all of my Constitutional Rights, without prejudice to those rights by law.

## DECLARATION:

I, _Earl Dickerson_, do hereby declare, under the pains and penalties of perjury, pursuant to 28 U.S.C. § 1746, that the information contained herein is true and correct to the best of my personal knowledge and belief. I therefore, on this the _1st_ day of _November_ in the year _2011_, do place both hand and seal upon this instrument. (Houston v. Lack, 101 L. Ed. 2d 245 (1988).

Submitted by:

_Earl Dickerson_
Reg#25246-038
USP Big Sandy
P.O. Box 2068
Inez, KY 41224