UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-10202-RWZ |
| | ) | |
| EARL DICKERSON | ) | |

**JOINT STATUS REPORT**

The United States, by and through the undersigned Assistant United States Attorney, and the defendant, through undersigned counsel, submit this status report regarding Defendant Earl Dickerson's pending motion for a reduction in his sentence pursuant to 18 U.S.C. § 3852. (Dkt. No. 78).

**I.     Procedural Background**

On November 7, 2011, the defendant filed a motion for a reduction in his sentence pursuant to 18 U.S.C. § 3852.  The Court entered a Procedural Order regarding that motion on November 23, 2011.  On September 8, 2015, the Court issued an Order denying the defendant's motion to vacate his conviction and sentence, pursuant to 28 U.S.C. § 2255, and requiring the parties to confer and file this joint status report concerning the defendant's motion for a reduction in his sentence.  On September 16, 2015, the defendant filed a Notice of Appeal.  On September 19, 2015, the defendant filed a Motion for Certificate of Appealability, which the Court granted on September 21, 2015.

**II.    The Defendant's Eligibility for Relief**

  **A.     The Government's Position**

As an initial matter, the United States notes that, given the defendant's pending appeal of his conviction and sentence, this Court lacks jurisdiction to consider the defendant's § 3582 motion.  As the First Circuit recently made clear, a district court does not have jurisdiction to

enter a sentence modification order under § 3582(c)(2) while an appeal of that sentence is pending. *United States v. Maldonado–Rios*, 790 F.3d 62, 64 (1st Cir. 2015) ("Because [the defendant's] appeal was pending at the time the District Court ruled on his motion to modify the sentence under § 3582(c)(2), we hold that the District Court lacked jurisdiction to enter the order reducing the sentence."); *United States v. Cardoza*, 790 F.3d 247, 248 (1st Cir. 2015) (holding that the District court lacked jurisdiction to enter an order reducing the defendant's sentence, based on retroactive amendment of Sentencing Guidelines to reduce recommended Guidelines range for defendant's offense, while defendant's appeal from sentence imposed was pending).

In addition, the defendant is ineligible for relief because the Court found the defendant was a career offender and calculated his Guidelines range based on U.S.S.G. § 4B1.1.  The defendant's sentencing range is unchanged because it did not rest on the provision in Section 2D1.1, which has been amended.  *See United States v. Caraballo*, 552 F.3d 6, 10 (1st Cir. 2008) (district court lacked authority to reduce the sentence of a career offender even when the original sentence was below the career offender Guidelines range); U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

      **B.**      **The Defendant's Position**

Mr. Dickerson filed *pro se* his § 3852 motion.  Undersigned defense counsel has informed Mr. Dickerson regarding the Court's denial of his § 2255 motion and the current lack of jurisdiction regarding the § 3852 motion.  Mr. Dickerson seeks to continue *pro se* regarding the § 3582.

**III.     Revised Guideline Calculation**

The defendant's guideline calculations are unchanged.

**IV.     Sentencing recommendations**

    **A.     The Government's Recommendation**

    The defendant is ineligible for a reduction in his sentence.

    **B.     The Defendant's Recommendation**

    As set forth above, Mr. Dickerson is proceeding *pro se* on the pending motion.

**V.      Whether a Hearing is Required**

No hearing is required.

**VI.     Earliest Projected Release Date Based On the Low-End of the Revised Guideline Calculation**

The defendant was sentenced to a mandatory term of life imprisonment without release.

**VII.    Proposed Briefing Schedule on Contested Issues**

No further briefing is required.

**VIII.   Whether a Transcript is Required**

No transcript is required.

**IX.     Plea Agreement**

There was no plea agreement in this case.

                  Respectfully submitted,

                  CARMEN M. ORTIZ
                  UNITED STATES ATTORNEY

                  By:  */s/ Seth B. Orkand*
                  SETH B. ORKAND
                  Assistant U.S. Attorney
                  seth.orkand@usdoj.gov
                  (617) 748-3605

EARL DICKERSON

By his attorney,

*/s/ Elliot M. Weinstein*
ELLIOT M. WEINSTEIN
83 Atlantic Avenue
Boston, MA 02110
(617) 367-9334

**CERTIFICATE OF SERVICE**

The Government hereby certifies that the foregoing was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants.

By:  /s/ Seth B. Orkand
SETH B. ORKAND
Assistant U.S. Attorney