UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-10202-RWZ |
| | ) | |
| EARL DICKERSON | ) | |

**MOTION FOR RESENTENCING UNDER
§ 404 OF THE FIRST STEP ACT**

**Introduction**

On June 16, 2006, this Court sentenced defendant, Earl Dickerson, to a statutory mandatory life sentence for possession with intent to distribute 50 grams of crack cocaine.

In 2010, the Fair Sentencing Act ("FSA") lowered the statutory penalties for crack cocaine offenses. In 2018, Congress enacted section 404 of the First Step Act, which makes the FSA's lower statutory penalties retroactive to defendants, like Mr. Dickerson, who were sentenced before the FSA was enacted.

As explained below, Mr. Dickerson is eligible for resentencing under the plain text of § 404. He was sentenced for a "covered offense" as defined by § 404(a), i.e., a violation of a federal statute whose penalties were modified by the Fair Sentencing Act. Under § 404(b), the Court may resentence him as if the FSA had been in effect at the time the offense was committed.

Mr. Dickerson has been incarcerated since March 9, 2004. He asks the Court to convene a resentencing hearing, and to allow him to be present at that hearing.

I. **BACKGROUND: MR. DICKERSON IS SERVING A MANDATORY LIFE SENTENCE ON THE BASIS OF 57.83 GRAMS OF CRACK COCAINE.**

**A. Indictment and jury trial**

On March 1, 2006, Mr. Dickerson was charged in a second superseding indictment with possession with intent to distribute at least five grams of cocaine base (Count 1ss), possession with intent to distribute at least 50 grams of cocaine base (Count 2ss), and being a felon in possession of a firearm and ammunition (Count 3ss). D.E. 46. The government filed an Information under 21 U.S.C. § 851 alleging that Mr. Dickerson had previously been convicted of two or more "felony drug offense[s]," which triggered enhanced statutory penalties under 21 U.S.C. § 841(b)(1). D.E. 44.

A three-day jury trial began on March 27, 2006. During the trial the government presented evidence that on March 9, 2004, police searched Mr. Dickerson's home and a Toyota Camry registered to him. During the search of the home, officers seized 10.99 grams of crack cocaine hidden in a sneaker found in a storage bin in an alcove outside Mr. Dickerson's third-floor bedroom. PSR ¶ 12. During the search of the Camry, officers discovered a hidden compartment and seized 57.83 grams of crack cocaine and a loaded Ruger .40 caliber pistol found inside.[1] PSR ¶ 14. A .40 caliber bullet was found in the basement of the home. PSR ¶ 16.

The jury returned guilty verdicts on all three counts on March 29, 2006. D.E. 54.

---

[1] The crack cocaine seized from the home formed the basis of Count 1ss, while the crack cocaine seized from the Camry formed the basis of Count 2ss. *See* D.E. 63 (transcript of jury charge) at 151.

### B. Sentencing

#### 1. Statutory penalties applicable to Mr. Dickerson

Because Count 2ss involved at least 50 grams of cocaine base, Mr. Dickerson was subject to the penalty provision at 21 U.S.C. § 841(b)(1)(A)(iii). Since, as alleged in the § 851 Information, Mr. Dickerson had two or more prior serious drug felony convictions, § 841(b)(1)(A) required a mandatory life sentence. PSR ¶ 120.

Because Count 1ss involved five grams or more of cocaine base, it was subject to 21 U.S.C. § 841(b)(1)(B)(iii). Because of the § 851 Information, the statutory range under § 841(b)(1)(B)(iii) was ten years to life. PSR ¶ 120.

Mr. Dickerson was deemed an armed career criminal with respect to the felon in possession count (3ss), which made it subject to a statutory range of 15 years to life under 18 U.S.C. § 924(e) (the ACCA).

#### 2. Sentencing guidelines applicable to Mr. Dickerson

Since a mandatory life sentence applied to Count 2ss, the guideline sentence was life by operation of USSG § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). PSR ¶ 121.

The U.S. Probation Department deemed Mr. Dickerson to be a career offender with respect to the drug counts (1ss and 2ss). In the absence of a mandatory life sentence,

the career offender guideline sentencing range would have been 360 months–life.[2] PSR ¶¶ 121.

### 3. Sentence imposed on Mr. Dickerson

The Court imposed the mandatory life sentence on June 16, 2006. D.E. 56.

## II. THE FAIR SENTENCING ACT OF 2010, AND THE FIRST STEP ACT OF 2018

### A. The FSA of 2010

The FSA reduced the 100:1 disparity between crack and powder cocaine sentences to 18:1.[3]

Section 2 of the FSA implemented the new 18:1 ratio throughout the penalty provision of 21 U.S.C. § 841(b)(1) by increasing the amount of cocaine base necessary to support the statutory ranges for convictions under § 841(b)(1)(A) from 50 to 280 grams, for convictions under § 841(b)(1)(B) from five to 28 grams, and for convictions under § 841(b)(1)(C) from less than five grams to less than 28 grams. *See* Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010).[4]

---

[2] The career offender offense level, based upon a statutory maximum sentence of life on both Counts 1ss and 2ss, was 37 under USSG §§ 4B1.1(b)(1) and 4B1.4(b)(2). PSR ¶¶ 35–40. The criminal history category was VI. PSR ¶¶ 56–58.

[3] The 100:1 crack/powder ratio originated in the Anti-Drug Abuse Act of 1986, when crack was a relatively new form of the drug cocaine, and was based on a number of assumptions which later proved false. Moreover, the severe sentences required by the 100:1 ratio fell disproportionately on black offenders. For these reasons, among others, the U.S. Sentencing Commission issued a series of reports criticizing the 100:1 ratio and urging Congress to reduce the disparity. *See generally Kimbrough v. United States*, 552 U.S. 85, 94–100 (2007).

[4] Section 3 of the FSA eliminated the mandatory minimum for simple possession of crack cocaine under 21 U.S.C. § 844(a). Pub. L. No. 111-220, § 3; 124 Stat. 2372.

The FSA applied to all crack cocaine offenses committed after its enactment. Moreover, in *Dorsey v. United States*, 567 U.S. 260, 269–70 (2012), the Supreme Court held that notwithstanding the general saving statute, 1 U.S.C. § 109, the FSA applied to all *sentencings* occurring after the date of enactment, regardless of whether the offense was *committed* prior to the date of enactment. The Court reasoned in part that to hold otherwise would serve to exacerbate a "disproportionate status quo." *Id.* at 278.

Section 8 of the FSA directed the U.S. Sentencing Commission to promulgate guideline amendments implementing the lower penalties. *See Dorsey*, 567 U.S. at 276. The Commission complied, *see id.*, and gave the amended guidelines retroactive effect. *See* USSG App. C, Amendment 759.

### B.  Section 404 of the First Step Act of 2018

The retroactive guideline amendments proved only a partial remedy for defendants sentenced prior to the FSA. For example, courts could not reduce a sentence below a statutory mandatory minimum sentence, such as that imposed here.

Section 404 of the First Step Act of 2018 (PL 115-391; 132 Stat. 5194) seeks to remedy this inequity by making the FSA retroactive. The statute provides:

SEC. 404. APPLICATION OF FAIR SENTENCING ACT.

(a) Definition Of Covered Offense.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) Defendants Previously Sentenced.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) Limitations.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

### III. MR. DICKERSON IS ELIGIBLE FOR RELIEF UNDER § 404.

#### A. Mr. Dickerson is eligible for relief under the plain text of § 404(a).

Section 404(b) authorizes resentencing for a defendant sentenced for a "covered offense." A "covered offense" is defined at § 404(a) as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the [FSA] that was committed before August 3, 2010."

Mr. Dickerson is eligible for relief under the plain text of § 404. He was sentenced for a "covered offense": a violation of a federal criminal statute (21 U.S.C. § 841(a)(1)), the statutory penalties for which (21 U.S.C. §§ 841(b)(1)(A) and (B)), were modified by section 2 of the FSA. *See, e.g., United States v. Rose*, 379 F.Supp.3d 223, 228 (S.D.N.Y. May 24, 2019) (eligibility under the First Step Act is determined on basis of statute of conviction); *United States v. Boulding*, 379 F.Supp.3d 646, 651 (W.D. Mich. May 16, 2019) ("eligibility under the language of the First Step Act turns on a simple, categorical question: namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act. If so, the defendant is categorically eligible for consideration regardless of actual quantities.").

**B. The Court, considering all relevant factors, should exercise its discretion to grant relief to Mr. Dickerson.**

Section 404(b) grants this Court the authority "to impose a reduced sentence as if the Fair Sentencing Act … were in effect at the time the covered offense was committed."

When considering whether and to what extent to reduce a sentence under the First Step Act, the Court should view the case through the familiar lens of 18 U.S.C. § 3553(a) and consider all relevant factors, including the new statutory parameters and guideline sentencing range, and post-sentencing developments. *See, e.g., Rose*, 379 F.Supp.3d at 231–34 (explaining that the text of the statute in conjunction with other sentencing statutes, including § 3661 and § 3553(a), and *Pepper v. United States*, 562 U.S. 476 (2011), "requires the Court to consider all relevant factors").

### 1. New statutory parameters and guideline sentencing range

The amount of cocaine base charged in Count 2ss (50 grams) is insufficient to trigger the new 280 gram threshold punishable under 21 U.S.C. § 841(b)(1)(A). Section 841(b)(1)(B) applies. Under § 841(b)(1)(B), there is no mandatory life sentence. The statutory range (in light of the § 851 Information) is ten years to life.

The amount of cocaine base charged in Count 1ss (five grams) is insufficient to trigger the new 28 gram threshold punishable under 21 U.S.C. § 841(b)(1)(B). The default provision at § 841(b)(1)(C) applies. The statutory range (in light of the § 851 Information) is zero to 30 years.

The statutory range for Count 3ss, fifteen years to life under the ACCA, remains unchanged.

The guideline sentence is no longer life under USSG § 5G1.1(b). Rather, the career offender guideline sentencing range of 360 months–life applies.

## RELIEF REQUESTED

Mr. Dickerson respectfully moves the Court to convene a resentencing hearing, and to allow him to be present at that hearing. The Court has the discretion to allow Mr. Dickerson to be present. *See, e.g., Rose*, 379 F.Supp.3d at 233 n.7; *United States v. Powell*, 360 F.Supp.3d 134, 135 (N.D.N.Y. 2019) (defendant sentenced to mandatory life allowed to be present at First Step Act resentencing hearing).[5]

Respectfully submitted,
EARL DICKERSON
By his attorney,

*/s/ J. Martin Richey*
J. Martin Richey
 B.B.O. #559902
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I, J. Martin Richey, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 3, 2019.

*/s/ J. Martin Richey*
J. Martin Richey

---

[5] So far in this district, Judge Ponsor has allowed defendants to be present, *see, e.g., United States v. Morales*, 05-cr-30040-MAP (D.E. 153), and Judge Stearns has ordered the same in *United States v. Gray*, 06-cr-10271-RGS, D.E. 131 (text order) (D.Mass. August 5, 2019).