UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | ) No. 04-10202-RWZ |
| | ) |
| EARL DICKERSON, | ) |
| Defendant. | ) |

## GOVERNMENT RESPONSE TO MOTION FOR SENTENCE REDUCTION PURSUANT TO THE FIRST STEP ACT

The United States, by and through Assistant United States Attorney Jennifer H. Zacks, hereby responds to the pending motion, filed by the defendant, Earl Dickerson, pursuant to the First Step Act. Docket entry ("D.") 149. It appears that the defendant, who is currently serving a life sentence, is eligible for a sentence reduction under the First Step Act. Docket entry ("D.") 408. For the reasons set forth below, and based on the information available to the government at this time,[1] the government recommends a sentence at the bottom of the revised guideline sentencing range ("GSR"), that is, 360 months.

---

[1] The government has requested, but has not yet obtained, information regarding the defendant's conduct while incarcerated. The government reserves the right to change its recommendation after it receives that information.

On March 29, 2006, following a trial, the defendant was found guilty on the three counts with which he was charged: possession with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. §841(a)(1)(B) (Count One); possession with intent to distribute fifty or more grams of cocaine base, in violation of 21 U.S.C. §841(b)(1)(A) (Count Two); and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §922(g)(1) (Count Three).  As requested by the verdict slip, the jury indicated that Count One involved 10.99 grams of cocaine base and Count Two involved 57.83 grams of cocaine base.  D.54. Because the government had filed an information pursuant to 21 U.S.C. §851 based on the defendant's four prior felony drug convictions, the defendant was subject to a mandatory term of life imprisonment.  D.44.  Were it not for the mandatory sentence of life imprisonment, the defendant's GSR would have been 360 months to life, based on his designation as a career offender and an armed career criminal, as well as his extensive criminal history.

On June 16, 2006, the Court sentenced the defendant to the mandatory term of life imprisonment.  D.56.

The defendant has now filed a motion for resentencing under the First Step Act, which retroactively applied the raised thresholds for the amount of cocaine base

necessary to trigger the various statutory sentencing tiers. The mandatory life term no longer applies and, as the defendant's motion correctly notes, the defendant's GSR is now 360 months to life imprisonment, with a statutory mandatory minimum of 15 years on Count Three.

Based on the information currently available, the government recommends that the Court exercise its discretion to impose a sentence at the bottom of the revised GSR, that is, a sentence of 360 months. This recommendation is based on a number of factors, including the history and characteristics of the defendant, the nature and circumstances of the offense, the seriousness of the offense, the need to afford deterrence and the protection of the public. Notably, this defendant, despite having been previously convicted of a number of felony offenses, not only possessed a .40 caliber semi-automatic pistol, loaded with 11 rounds of ammunition, but also admitted that he had possessed an AK-47 assault rifle. *See* D.68 at 12. His criminal history as detailed in the PSR is extensive. Indeed, his prior convictions, even without consideration of his career offender or armed career criminal status, place him in CHC VI. His criminal record also shows a record of violent behavior, including a 1992 conviction for armed robbery, a 1995 conviction for assault and battery on a public employee, and a 1998 conviction for assault and battery. In addition, it appears that, prior to the instant offenses, the defendant served a number of years in state custody, which, evidently, did not serve to deter him from

committing additional crimes. Moreover, the PSR details four abuse prevention orders that were filed against the defendant, noting that the applications for two of these orders set forth claims that the defendant threatened to kill the complainant.

For these reasons, and based on the facts currently available to the government, the government recommends that, if the Court determines that the defendant is eligible for a sentence reduction, that he be given a sentence at the bottom of the revised GSR.

Respectfully submitted,

ANDREW E. LELLING
 United States Attorney

 By: /s/ Jennifer H. Zacks
 Jennifer H. Zacks
 Assistant U.S. Attorneys
 United States Attorney's Office
 1 Courthouse Way, Suite 9200
 Boston, Massachusetts 02210
 617-748-3109
 jennifer.zacks@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jennifer Hay Zacks
JENNIFER HAY ZACKS
Assistant United States Attorney

Date: November 21, 2019