## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | No. 04-cr-10202-RWZ |
| ) | |
| EARL DICKERSON ) | |

## FIRST STEP ACT
## RESENTENCING MEMORANDUM

Mr. Dickerson has been incarcerated nearly 16 years, since March 9, 2004. He has served the equivalent of a 206-month sentence. As his letter to the Court emphasizes, he appears before the Court a changed man. *See* Exhibit A. Mr. Dickerson realizes the high cost of his past mistakes. His focus now is on his family, and on his successful reintegration into society. His family has offered him a residence in Wilbraham, owned and occupied by the father of Mr. Dickerson's niece, and the U.S. Probation Department has approved the residence.

This First Step Act resentencing is ultimately governed by 18 U.S.C. § 3553(a). *See, e.g., United States v. Rose*, 379 F.Supp.3d 223, 234 (S.D.N.Y. 2019) (concluding that the "familiar framework" of § 3553(a) is appropriate "to guide the exercise of discretion conferred by the First Step Act."). For the reasons that follow, Mr. Dickerson respectfully submits that a sentence of time served is sufficient but no greater than necessary to serve the purposes of sentencing. In sum, a time served sentence is warranted under the circumstances presented here and would be consistent with sentences imposed in two nearly identical First Step Act cases in this District, while the government's exceedingly lengthy, routinely requested guideline sentence of thirty years lacks a compelling justification.

**1. A sentence of time served would be consistent with sentences imposed on similarly situated defendants in First Step Act proceedings in the District of Massachusetts.**

At least two other First Step Act cases in this District provide useful benchmarks for the Court in considering the appropriate sentence here:

*United States v. Shaver*

In *United States v. Raymond Shaver*, 04-cr-30001-MAP (D.Mass.), the defendant was arrested on January 13, 2004 and indicted for conspiring to distribute cocaine and cocaine base, and distributing cocaine and cocaine base (including four counts of distributing 50 grams or more of cocaine base). ECF No. 8. The government filed an Information under 21 U.S.C. § 851 alleging eight prior felony drug convictions, subjecting the defendant to a mandatory life sentence. ECF No. 13. The defendant was a career offender and would have faced the 360 month – life guideline range applicable here, but he pled guilty and, given acceptance of responsibility, faced a range of 262–327 months. ECF No. 77. That range was superseded by the mandatory life sentence, which the court imposed on June 15, 2006. *Id.*

On January 16, 2019, the defendant filed a motion for relief under the First Step Act. ECF No. 128. In response, the government argued for a guideline sentence of 262 months. ECF No. 131. The government emphasized that the defendant committed the federal offense "after a lifetime of crime beginning when the defendant was sixteen years old"; that the defendant had a "long and serious" criminal record, including eight prior drug felonies as well as prior convictions for ABDW, A&B, breaking and entering and resisting arrest; prior incarceration had not deterred the defendant, who within two years of release committed the federal offense which involved the distribution of more

than one-half kilogram of crack cocaine and over 120 grams of powder cocaine; and that over the course of his federal sentence the defendant had numerous disciplinary incidents that resulted in a variety of sanctions, including disciplinary segregation. *Id.*

On March 5, 2019, Judge Ponsor rejected the government's recommendation and reduced Mr. Shaver's sentence to 216 months. ECF No. 137. Mr. Shaver has been released.

*United States v. Franklin*

In *United States v. Darren Franklin*, 06-cr-10362-RWZ (D.Mass.), the defendant was arrested on April 15, 2004 and charged with possession with intent to distribute 50 grams or more of cocaine base, and being a felon in possession of ammunition. ECF No. 1. As here, the defendant was both a career offender and an armed career criminal, and faced a guideline range of 360 months – life. ECF No. 121. The government filed an § 851 Information alleging two prior felony drug convictions, invoking a mandatory life sentence. ECF No. 3. After trial, however, the government withdrew notice of one of the prior convictions in exchange for the defendant's agreement to a sentence of 360 months. ECF No. 109. This Court imposed the 360-month sentence on April 1, 2009. ECF No. 76.

On March 15, 2019, the defendant filed a motion for relief under the First Step Act. ECF No. 109. After this Court determined that the defendant was eligible for relief, the government urged the Court not to reduce the 30-year sentence. ECF No. 123. It argued that the defendant was still a danger to the community, emphasizing that he had gang ties, had been co-leader of a group of 24 street-level drug traffickers to whom he supplied crack cocaine, was found with 400 rounds of ammunition at his arrest, had

previous convictions including ABDW and A&B, and had received eight disciplinary reports while in BOP custody (including an assault as recently as November 2016). *Id.*

On October 24, 2019, this Court rejected the government's recommendation and reduced Mr. Franklin's sentence to 216 months, the equivalent of time served. ECF No. 125. Mr. Franklin has been released.

∗∗∗

The facts and circumstances of Mr. Dickerson's case are materially indistinguishable from those of Mr. Shaver and Mr. Franklin. As in those cases, a sentence resulting in Mr. Dickerson's release is appropriate.

 2. **The government's exceedingly lengthy, routinely requested guideline sentence of thirty years lacks a compelling justification.**

As it did in *Shaver* and *Franklin*, here too the government has recommended that the Court impose a sentence at the low end of the applicable guideline sentencing range, or 360 months. ECF. No. 153. That recommendation is excessive, not justified by the reasons set forth by the government, and would result in a sentence years longer than necessary to achieve the purposes of sentencing.

The government's recommendation is tethered to the guidelines, and the guideline calculation in this case provides a poor approximation of the appropriate sentence under § 3553(a). For example, the applicable guideline range is inflated by nearly 100 months at the low end (from 262–327 months to 360 months – life) because of

the government's unilateral, discretionary decision to file an § 851 Information.[1]

Furthermore, the 360 month – life guideline range applicable here imposes an *enormous* trial penalty. Had Mr. Dickerson pled guilty, his guideline range would be 262–327 months; had he pled guilty and were there no § 851 Information, the guideline range would be 188–235 months.

The government's attempt to muster a justification for its 30-year recommendation falls short. The government says little about the facts of the offense, and for good reason: Boston police searched Mr. Dickerson's apartment and car and found a total of 68.82 grams of crack cocaine and a firearm. These are serious offenses to be sure, but nothing in the government's recommendation explains why a sentence of thirty years, rather than the 206-month sentence already served, is necessary on the facts presented here.

The government emphasizes Mr. Dickerson's prior record, citing a 28 year old armed robbery offense committed when Mr. Dickerson was seventeen years old; 25 and 22 year old convictions for ABPO and simple A&B, both Massachusetts misdemeanors; and decades-old hearsay allegations of threats contained in abuse prevention order

---

[1] Since this is a career offender case, the offense level is determined by the applicable statutory maximum. Ordinarily the statutory maximum for possession with intent to distribute 50 grams of cocaine base is 40 years; the § 851 filing, however, raises the statutory maximum to life. Thus instead of an offense level 34, CHC VI, and range of 262–327 months, Mr. Dickerson is faced with offense level 37, CHC VI, and range of 360 months – life. *See* USSG §§ 4B1.1(b)(1) & (2); 21 U.S.C. § 841(b)(1)(B).

The Sentencing Commission has criticized this upward ratchet on the grounds that it subjects defendants to unfair double counting of prior drug convictions, and creates unwarranted disparity associated with variations in the exercise of prosecutorial discretion to file under § 851. *See United States v. LaBonte*, 520 U.S. 751, 761–62 (1997).

It is worth noting that the § 851 predicates in this case involved street level sales.

applications. This record simply does not bear the weight the government places on it, for it does not demonstrate that Mr. Dickerson poses a present danger to the community such that he must be imprisoned for another fifteen years.[2]

Indeed the government's recommendation is fatally flawed because it does not take into account that Mr. Dickerson has been removed from the community for sixteen years. During the course of his incarceration he has engaged in programming to turn his life around, including courses on accepting responsibility and breaking down barriers; a four-phase program on ending violence; a course in cognitive behavioral therapy; a victim impact course; and wellness programs.[3] *See* Exhibit B.

This Court's task is to sentence the man who appears before it today. *See Rose*, 379 F.Supp.3d at 233–34 (The principle set forth in *Pepper* [*v. United States*, 562 U.S. 476 (2011)] and § 3661 requires that the district court be able to consider the most recent evidence of a defendant's life and characteristics, which may be the most probative

---

[2] The government also cites an alleged statement by Mr. Dickerson upon his arrest in 2004 that he had previously possessed an AK-47 assault rifle. As far as undersigned counsel can determine, this alleged statement was not introduced at trial; nor does it appear in the recitation of offense conduct in the presentence report.

[3] Owing in part to the extraordinary length of his current sentence, Mr. Dickerson has been designated to U.S. Penitentiaries throughout his time in the Bureau of Prisons. These facilities are known for offering limited programming, often prioritizing inmates by release dates, and the programming that is offered may be interrupted during frequent lockdowns. That Mr. Dickerson has been able to complete the courses he has completed is, in that sense, remarkable.
  So too, Mr. Dickerson's BOP disciplinary record must be viewed in light of the violence that is endemic in U.S. Penitentiaries. Mr. Dickerson spent nearly five years at USP Hazelton, a notoriously violent and overcrowded facility. *See* District of Columbia Corrections Information Council, "USP Hazelton Inspection Report" (Sept. 30, 2016), available at:
https://cic.dc.gov/sites/default/files/dc/sites/cic/publication/attachments/USP%20Hazelton%20Inspection%20Report%20%20with%20FBOP%20Response%209.30.16.pdf

information available, when deciding whether a defendant should continue to be incarcerated or, in some cases, be immediately released.").

      Mr. Dickerson appears before the Court after nearly 16 years of imprisonment. He has sought to better himself and is ready to return to society with his past firmly behind him and his focus on a productive future supported by family. He respectfully requests a sentence of time served, for that is the sentence that is sufficient but no greater than necessary in this case.

                Respectfully submitted,
                EARL DICKERSON
                By his attorney,

                */s/ J. Martin Richey*
                J. Martin Richey
                B.B.O. # 559902
                Federal Public Defender Office
                51 Sleeper Street, 5th Floor
                Boston, MA 02210
                Tel: 617-223-8061

## CERTIFICATE OF SERVICE

      I, J. Martin Richey, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 5, 2020.

                */s/ J. Martin Richey*
                J. Martin Richey